UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Glen Strickland, Jr., | ) | C/A No. 9:15-275-PMD-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Greenville County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Glen Strickland, Jr., proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the Perry Correctional Institution, part of the South Carolina Department of Corrections. Plaintiff appears to allege that his constitutional rights were violated while he was a pretrial detainee at the Greenville County Detention Center. He requests compensation and the termination of the employment of unnamed Greenville County Detention Center officers who allegedly assaulted and sexually harassed him. Complaint, ECF No. 1 at 5.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se

complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff has only named the Greenville County Detention Center as the Defendant in the caption of his Complaint. Courts have routinely held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law, and are not a "person" subject to suit under § 1983. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)[California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) [Finding that a detention center, as a building and not a person, was not amenable to suit under § 1983]; Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."]; Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)["Claims under § 1983 are directed at 'persons'

2

and the jail is not a person amenable to suit."]. Therefore, Plaintiff's claims cannot proceed against this Defendant.[2]

### Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 9, 2015
Charleston, South Carolina

---

[2]Although Plaintiff makes allegations against someone named "Kenny," and appears to make other allegations against "Lt. Turner" and "Officer Woody," he has not named any of these individuals in the caption or "Parties" section of his Complaint, and has not submitted service documents (summonses and USM-285 forms) for them. If Plaintiff wishes to sue individual correctional officers, he should file a new complaint specifically identifying the individuals he wishes to sue as Defendants and set forth in the narrative of his Complaint his specific claims against these individuals.

3

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



4