## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Glen Strickland, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:15-0275-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Greenville County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 11). Following pre-service review pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the Magistrate Judge issued the R&R, recommending that this Court summarily dismiss, without prejudice, Plaintiff Glen Strickland, Jr.'s ("Plaintiff") Complaint (ECF No. 1). Plaintiff timely filed Objections to the R&R (ECF No. 15). The Court has carefully reviewed and considered the entire record, including Plaintiff's Objections, and finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Therefore, the Court adopts and incorporates the R&R in part, finding that Defendant Greenville County Detention Center ("GCDC") is not a "person" subject to suit under 42 U.S.C. § 1983 and that Plaintiff's action against GCDC should be dismissed. However, given this Court's obligation to construe *pro se* complaints liberally, the Court will allow Plaintiff to amend his Complaint to add proper defendants. Further, for the reasons detailed below, the Court affirms the Magistrate Judge's Order (ECF No. 9) ("Prior Order"), also before the Court, denying Plaintiff's Motion to Appoint Counsel (ECF No. 3) ("Motion").

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, appears to bring an action under 42 U.S.C. § 1983 for purported violations of his constitutional rights while he was a pre-trial detainee at GCDC.[1]   The Complaint, filed January 21, 2015, alleges that GCDC officers subjected Plaintiff to excessive force, sexual harassment, and sexual assault.  The Complaint also alleges that Plaintiff was sexually harassed by other inmates and that GCDC officers failed to stop the abuse after Plaintiff reported it.  Plaintiff seeks monetary damages and the termination of the officers who allegedly assaulted and harassed him.

On February 9, 2015, Magistrate Judge Bristow Marchant issued the R&R.  In the R&R, citing 28 U.S.C. § 1915, the Magistrate Judge recommended that Plaintiff's Complaint be summarily dismissed without prejudice and without issuance and service of process because the GCDC was a building and not a "person" subject to suit under § 1983.  Plaintiff filed timely Objections to the R&R.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Parties are allowed to make a written objection to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served a copy of the R&R.  28 U.S.C. § 636(b)(1)(B).  This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R's findings and recommendations in whole or in part.  *Id.*  Additionally, the Court may receive additional evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  A party's failure

---

1.    Plaintiff is currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina.

to object is accepted as an agreement with the conclusions of the Magistrate Judge.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  In the absence of a timely filed, specific objection—or as to those portions of the R&R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).  Moreover, in the absence of specific objections to the R&R, the Court need not provide any explanation for adopting the Magistrate Judge's analysis and recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Under 28 U.S.C. § 636(b)(1)(A), the Court may refer non-dispositive pretrial matters to a Magistrate Judge for hearing and determination.  Within fourteen days of being served with a copy of a Magistrate Judge's order, a party may serve and file objections to the order.  Fed. R. Civ. P. 72(a).  If a party objects to the Magistrate Judge's order, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*  A finding is clearly erroneous "if the record lacks substantial evidence to support it." *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1499 (D.S.C. 1991).

## ANALYSIS

### I.    R & R

As previously outlined, the Magistrate Judge found that Plaintiff's Complaint failed to state a claim on which relief could be granted and recommended that it be summarily dismissed under 28 U.S.C. § 1915.  An action under 28 U.S.C. § 1915 allows an indigent prisoner to bring a suit in federal court without prepaying the administrative costs of filing the lawsuit.  *See* 28 U.S.C. § 1915 (2006).  To prevent potential misuse of this privilege, the statute provides that a district court shall dismiss the case, *sua sponte*, if the suit is "frivolous or malicious; fails to state

a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B)(i-iii).

In order to permit the development of potentially meritorious claims, *pro se* complaints are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the Court does not hold such complaints to the same standard as those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The requirement of liberal construction, however, does not allow the Court to ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

As grounds for summary dismissal, the Magistrate Judge correctly noted that the sole Defendant, GCDC, was not a proper party because "inanimate objects such as buildings, facilities, and grounds do not act under color of state law, and are not a 'person' subject to suit under § 1983." (R&R 2.) The Magistrate Judge acknowledged that Plaintiff made allegations against several individuals within the Complaint but noted that Plaintiff failed to name these individuals in the caption. Finally, the Magistrate Judge suggested that, should Plaintiff wish to sue individual GCDC officers for the treatment alleged in the Complaint, Plaintiff "should file a new complaint specifically identifying the individuals he wishes to sue as Defendants and set forth in the narrative of his Complaint his specific claims against these individuals." (*Id.*)

As the Magistrate Judge noted in the R&R, Plaintiff made allegations against three individuals in the body of his Complaint: "Officer Kenny;" "Officer Woody;" and "Lt. Turner" (collectively, the "Named Officers"). Plaintiff alleges that, in February 2014, Officer Kenny, whom he describes as a "sexual assaulting officer," (Pl.'s Compl. 4), violated him while he slept and repeatedly harassed him after the violation, (*id.* at 6). Plaintiff also claims that, in May 2014,

4

Officer Woody "elbowed [him] in the face" while another, unnamed officer punched him repeatedly in the thigh. (*Id.* at 5.) Furthermore, Plaintiff alleges that he reported to Lt. Turner a May 2014 assault in which an unnamed officer slammed Plaintiff's head into his cell door – an incident that he believed was videotaped – but that Lt. Turner failed to respond. Finally, Plaintiff alleges that Lt. Turner was aware that members of the kitchen staff were tampering with his meals, and, rather than remedying the situation, made a sexually suggestive comment regarding the tampering. In addition to the Named Officers, Plaintiff provided physical descriptions for various other GCDC officers ("Officers Doe") whom he alleges subjected him to sexual assault and harassment, either directly or by failing to protect him from the actions of other officers or inmates. In his Complaint, Plaintiff attributes his inability to provide the names of the Officers Doe to the fact that they had removed their name plates or turned their identification cards to face their chest and refused to provide their names upon Plaintiff's request.

In response to the Magistrate Judge's recommendation that Plaintiff's case be dismissed for failure to name a party subject to suit under § 1983, Plaintiff stated: "I named only the Greenville County Detention Center as the Defendant in the complaint because I assumed the 'management' of the Detention Center is responsible for the misconduct of its officers, and would be held liable. I was attempting to sue the management of the Greenville County Detention Center." (Pl.'s Objections 1.) Plaintiff also stated that, with the exception of the Named Officers, he did not know the names of the individual officers but that he "provided descriptions sufficient in [his] complaint to identify the assaulting officers" and that he "assumed the Detention Center would provide the names." (*Id.*)

As an initial matter, the Court notes that the doctrine of respondeat superior does not apply to § 1983 claims. *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Liability of

supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). To state a claim for supervisory liability under § 1983, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

In considering the R&R, the Court is reminded that Congress's primary goal in enacting the *in forma pauperis* statute was "to assure equality of consideration for all litigants." *Neitzke v. Williams*, 490 U.S. 319, 329 (1989) (quoting *Coppedge v. United States*, 369 U.S. 438, 447 (1962)). In our adversarial system, under Rule 12(b)(6), a plaintiff will normally be provided notice of a pending motion to dismiss for failure to state a claim and will have the chance to amend his complaint prior to the Court's ruling. *See* Fed. R. Civ. P. 15(a)(1)(B) (permitting, *inter alia*, a party to amend a pleading within 21 days after service of a motion to dismiss under Rule 12(b)). "By contrast, the *sua sponte* dismissals permitted by, and frequently employed under, § 1915(d), necessary though they may sometimes be to shield defendants from vexatious lawsuits, involve no such procedural protections." *Neitzke*, 490 U.S. at 330. In addition, the United States Court of Appeals for the Fourth Circuit has urged that its district courts "be especially solicitous of civil rights plaintiffs," a directive that is further enhanced when a civil

6

rights plaintiff appears *pro se*.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (quoting *Canty v. City of Richmond, Va., Police Dep't*, 383 F. Supp. 1396, 1399–1400 (E.D. Va. 1974)).  This Court, echoing that concern, "will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." *Id.* at 1400.

Therefore, mindful of its obligation to construe *pro se* complaints liberally, the Court, rather than dismissing Plaintiff's case outright, will allow Plaintiff to amend his Complaint to add as defendants those persons whom Plaintiff believes violated his constitutional rights in the incidents described in the Complaint.  *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992) (dismissing plaintiff's § 1983 suit against a city jail for deliberate indifference to his medical needs and directing him to submit an amended complaint naming individuals subject to suit under § 1983).  It appears from Plaintiff's Complaint that he wishes to sue the Named Officers and the Officers Doe for purported violations of his constitutional rights.  Plaintiff is directed to submit an amended complaint within twenty-one (21) days from the date of this Order.  If Plaintiff fails to do so, his Complaint will be dismissed in its entirety.

## II.  Motion to Appoint Counsel

In his Objections to the R&R, Plaintiff also objects to the Magistrate Judge's Prior Order denying Plaintiff's Motion to Appoint Counsel.[2]  As previously stated, the Federal Rules of Civil Procedure permit a plaintiff to file objections to a Magistrate Judge's non-dispositive order within 14 days after being served with a copy.  Fed. R. Civ. P. 72(a).  A District Judge may reconsider a Magistrate Judge's ruling and shall "modify or set aside any portion of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).

---

2.   The Clerk docketed Plaintiff's Objections to the Prior Order as a new Motion to Appoint Counsel (ECF No. 14).

As grounds for his Objections to the Prior Order, Plaintiff states that the Court should appoint counsel to represent him because he has a learning disability and is unfamiliar with the filing of a lawsuit. (Pl.'s Objections 1.) The Court has carefully considered Plaintiff's Objections to the Prior Order but finds them to be without merit. The Magistrate Judge's conclusions are neither clearly erroneous nor contrary to law. Furthermore, the Court finds that this is not the type of case that presents factors that clearly reflect a need for Plaintiff to have counsel appointed at this time. Without delving into the veracity of Plaintiff's claims regarding any learning disability he may possess, the Court finds Plaintiff's filings to be relatively clear and straight-forward, suggesting he is capable of self-representation. *See Miller v. Brown*, No. 5:11-CT-3022-FL, 2011 WL 6780787, at * 1 (E.D.N.C. Dec. 27, 2011) (denying plaintiff's motion to appoint counsel in § 1983 action, despite his argument that incarceration and a learning disability made it difficult for him to pursue his case; plaintiff's allegations of excessive force and deliberate indifference were not complex claims and plaintiff's detailed filings demonstrated his capacity to proceed *pro se*). Accordingly, the Court affirms the Prior Order.

## CONCLUSION

For the foregoing reasons, the Court (1) **AFFIRMS** the Magistrate Judge's Prior Order; (2) **ADOPTS IN PART AND REJECTS IN PART** the Magistrate Judge's R&R; and (3) **DIRECTS** Plaintiff to submit an amended complaint within twenty-one (21) days from the date of this Order. If Plaintiff fails to do so, his Complaint will be dismissed in its entirety.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

May 13, 2015
Charleston, South Carolina

8