IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Glen Strickland, Jr., # 273860,  ) | CIVIL ACTION NO. 9:15-0275-PMD-BM |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Lt. Turner, Ofc. Kenny, Officer Doe;  ) | |
| Office Doe, Office Doe, Officer Doe,  ) | |
| Officer Doe, and Sgt. Jane Doe,  ) | |
| ) | |
| Defendants.  ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants while he was an inmate at the Greenville County Detention Center.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. asserting, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies before filing this lawsuit. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 27, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on November 17,



2015.

The Defendants' motion is now before the Court for disposition.[1]

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.

However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and exhibits provided to this Court, the undersigned finds and concludes for the reason set forth hereinbelow that the Defendants are entitled to dismissal of this case.

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Plaintiff alleges a hodgepodge of claims in his Complaint, most of which relate to alleged sexual harassment and/or assaults he endured while at the Greenville County Detention Center. Plaintiff originally did not name the correctional officers who participated in any such assaults, but subsequently filed an amended Complaint listing detention center employees "Lt. Turner" and "Ofc. Kenny", along with several Officer "Doe[s]" as party Defendants. In this filing, Plaintiff specifically mentions Officer Kenny, followed by the statement "sexually assaulting and sexually harassing", but only references Lt. Turner as being a member of first shift while providing his height and weight. See Court Docket No. 22. Plaintiff then talks about the alleged actions of various John Doe or Jane Doe Officers, stating that one unnamed officer assaulted him by elbowing him in the face, that on another date another officer repeatedly punched him in the left thigh, while on yet another day an officer assaulted him by ramming his head into a door. No exact dates are provided for these incidents, although they apparently all occurred in 2014. Id.

In his original Complaint (prior to the amendment) Plaintiff alleges an officer assaulted him while he was walking from the shower (it is not clear if this is the same incident where Plaintiff alleges his head was rammed into a door), that on another occasion an officer had "caressed the tops of my right hand" while walking him to the shower, that on another occasion he was tackled to the floor and assaulted outside of his cell, that on another occasion when he was asleep Officer Kenny snuck into his cell and fondled him, that on another occasion a transport officer put his arm between Plaintiff's legs and squeezed his groin, and that correctional officers would in general treat him disrespectfully and harass him including while he was showering. Plaintiff also alleges that he was improperly placed in the general population even though there was "gang activity" going on, and that he repeatedly bashed his forehead on his cell door to injure himself in an attempt to be removed



from the A-Wing, where he had been placed. Plaintiff also complains about being stripped and placed in a restraint chair after he threatened to harm himself. Plaintiff seeks monetary compensation because of the assaults and sexual harassment he allegedly experienced. See generally, Plaintiff's Complaint.

As noted, Defendants argue in their motion that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the Detention Center.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, the Defendants have submitted an affidavit from Scotty Bodiford, the jail administrator, who



attests to the grievance procedure at the Detention Center and to Plaintiff's grievance history. Bodiford has attached to his affidavit copies of the Detention Center's grievance procedure, as well as copies of Plaintiff's grievances.[2]

Bodiford attests that the Detention Center's grievance policy and procedure are set forth in the Detention Center's Inmate Orientation Handbook, a copy of which is provided to each inmate following the booking process, and which is also available to inmates on the kiosk located in the housing units. Bodiford has attached a copy of this handbook to his affidavit as Exhibit B. The Detention Center's grievance procedure is also set forth in Detention Center Policy No. 3.5.6, a copy which is attached to Bodiford's affidavit as Exhibit A. These policies provide that an inmate may initiate a formal, written grievance by completing an Inmate Request Form 502 anytime within fifteen (15) days after a potentially grievable event has occurred. The grievance form is then forwarded to the building supervisor or watch commander, who reviews the grievance and attempts to resolve the issue. If these officials do not provide a response to the satisfaction of the inmate, or the building supervisor or watch commander is unable to resolve the complaint by the end of their shift, the grievance is forwarded to the jail administrator. The inmate is notified of the jail administrator's decision and the reason listed in the "action taken" portion of the inmate request form, normally within five (5) days, although a review period may be extended under certain circumstances. If an inmate is not satisfied with the jail administrator's answer to their grievance, the inmate may then appeal the decision to the Assistant County Administrator for the Department

---

[2]Although normally evidentiary exhibits are not considered by a court when ruling on a Rule 12 motion to dismiss, evidence relating to exhaustion of remedies can be considered without converting Defendants' Rule 12 motion to dismiss to a Rule 56 motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3rd Cir. 2004) [Documents relating to issue of exhaustion may be considered when considering a motion to dismiss].



of Public Safety within five (5) days of being notified of the jail administrator's decision. The Assistant County Administrator's decision is the final decision.

Bodiford attests that he has searched the Detention Center's records for any Form 502's filed by the Plaintiff during his period of incarceration at the Detention Center (January 5, 2014 through June 25, 2014), and that he found four (4) Form 502s that were submitted by the Plaintiff.[3]

On February 27, 2014 Plaintiff submitted a Form 502 wherein he stated "I need my personal property and underwear". The "Action Taken" section of this form reads: "not until you get out of special housing unit". Next to the "Inmate Notified" section, the initials "GS" are written next to the "yes" box. See Bodiford Affidavit, attached Exhibit C.

In a second Form 502 (undated), Plaintiff complains that he is having problems as a result of gang related inmates and that that is why he is in the special housing unit (SHU). Plaintiff asks if he can speak to someone to "explain further", and also requests that he be represented by a public defender because he wants to get a bond for his pending charges (presumably the charges for which he was being held at the Detention Center). Plaintiff also asks if it is possible for someone to contact his mother. The "Action Taken" section reads as follows: "Mr. Strickland, you have been given the opportunity to be rehoused from the SHU on many occasions. You have been unable to identify any inmates causing you issues. Contact the public defender's office for an attorney". Again, the initials "GS" are written in the "yes" box in the Inmate Notified section. See Bodiford

---

[3]Although, for purposes of summary judgment, these Form 502s are being considered grievances, this form also serves as the Detention Center's Inmate Request Form. Bodiford attests that when a request or complaint being made is a "grievance", the word "grievance" is usually added to the top of the form. It is worth noting that none of these 502 forms have the word "grievance" added at the top of the form. Cf. Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy].



Affidavit, attached Exhibit D.

In another undated Form 502, Plaintiff complains that he has been at the Detention Center for four (4) months without a bond and requests to be represented by a public defender. The "Action Taken" section reads: "You have a public defender [following which a phone number is written]". The "Inmate Notified" section has something written in the "Yes" box that is illegible. See Bodiford Affidavit, attached Exhibit E.

Finally, Plaintiff submitted Form 502 on June 18, 2014 in which he requests a haircut. The "Action Taken" section reads: "Released on 6-25-14". See Bodiford Affidavit, attached Exhibit F.

Bodiford attests that only one (1) of these four (4) Form 502s, the one relating to Plaintiff's housing due to "gang" related inmates, could possibly have anything to do with some (but not all) of the allegations raised in Plaintiff's Complaint, and that in any event there is no record of *any* of these decisions ever having been appealed by the Plaintiff through to the Assistant County Administrator final appeal process. Therefore, the Defendants argue that Plaintiff failed to exhaust his administrative remedies with respect to any of the claims in this lawsuit. Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006)[Remedies not exhausted where inmate did not appeal denial]; cf. Williams v. Reynolds, No. 12-138, 2013 WL 4522574 at * 4 (D.S.C. Aug. 27, 2013) [Dismissal proper where "even if Plaintiff did file a Step 1 grievance that was returned unprocessed, there is no evidence that Plaintiff filed a Step 2 grievance or otherwise appealed the decision not to process the Step 1 grievance."]. The undersigned agrees.

In his response to the Defendants' motion, Plaintiff states that the only reply he received to the four (4) Form 502s identified by the Defendants was to the one in which he requested



a public defender. See Response, p. 1. He then argues that he was "unaware of a GCDC grievance process", that he did not receive the Inmate Orientation Handbook during his processing, nor had he ever submitted formal written grievances on the Form 502 "during any of [his] previous detainments at GCDC". Plaintiff concludes by stating that he "could not complete a grievance process prior to his filing of current lawsuit because again I was unaware of such a process". Id., p. 3.[4]

However, Plaintiff cannot simply, in response to probative evidence that no record exists of him ever having submitted grievances as to the issues raised in his Complaint (or a grievance appeal with respect to the one grievance which arguably relates to his housing and "gang activity" claim), respond by saying "yes I did" or "I did not know how to", and expect to survive a Rule 12 motion to dismiss, because if that is all it took to defeat probative evidence of a failure to exhaust (which has been presented here), then this defense could never be successfully asserted by a Defendant. Poe v. Bryant, No. 12-3142, 2013 WL 6158023, at * 2 (D.S.C. Nov. 21, 2013)[Holding that defendants satisfied their burden of showing a failure to exhaust administrative remedies with exhibits detailing the grievance process and showing that Plaintiff failed to exhaust this remedy, and that Plaintiff's contradictory statements in response were not sufficient to avoid dismissal of Plaintiff's case in light of the contrary evidence]; cf. King v. Flinn & Dreffein Eng'g Co., No. 09-410, 2012 WL 3133677, at * 10 (W.D.Va. July 30, 2012) [Finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving testimony"], citing Villiarimo v. Aloha

---

[4]Similarly, as part of the allegations of his Complaint, Plaintiff states: "I did not know nor did I think to ask if Greenville County Detention Center has a grievance system", although he then concedes that he did file some Form 502s while at the Detention Center. See Complaint, p. 3.

8



Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); cf. Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) [Finding that Plaintiff's self-serving contention, in response to evidence to the contrary, that he did submit a grievance was "simply not enough to create a genuine dispute as to any material fact"]. In any event, Plaintiff's statements are further undermined by the fact that, even though he argues in his response brief that he was unaware of a grievance process, his first Form 502 is dated only one month after his admission to the Detention Center in January 2014. See Bodiford Affidavit, ¶ 2; and attached Exhibit C.

In sum, the evidence submitted to this Court clearly shows that Plaintiff either did not submit any grievances concerning the issues he raises in this lawsuit, or did not appeal the Step 1 decision made with respect to the one grievance he did submit that might possibly pertain to any of his claims. Jordan, 439 F.Supp.2d at 1241-12442 [Remedies not exhausted where inmate did not appeal denial]; Spruill v Gillis, 372 F.3d 218, 227-232 (3d Cir. 2004) [Discussing necessity of pursuing all administrative remedies to the end]. Therefore, the Defendants are entitled to dismissal of this case for failure of the Plaintiff to exhaust his administrative remedies with respect to his claims prior to filing this lawsuit. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies]; Malik, 2012 WL 3834850, at * 4 ["A court may not consider, and must dismiss, unexhausted claims"]; see also Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other - to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other



basis."](quoting <u>Beeson v. Fishkill Corr. Facility</u>, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998));

<u>Jordan</u>, 439 F.Supp.2d at 1241-1242 [Remedies not exhausted where inmate did not appeal denial].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 10, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

