**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Glen Strickland, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:15-cv-275-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lt. Troy Turner, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff Glen Strickland, Jr.'s objections to United States Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") (ECF Nos. 54 & 51). Strickland has also filed a motion to compel discovery (ECF No. 57). For the reasons stated herein, the Court denies Strickland's motion, rejects the R & R, and remands to the Magistrate Judge for further consideration.

**BACKGROUND**

Strickland, proceeding *pro se* and *in forma pauperis*, has filed suit under 42 U.S.C. § 1983 for purported violations of his constitutional rights while he was a pre-trial detainee at the Greenville County Detention Center ("GCDC"). He alleges in his verified complaint that GCDC officers sexually assaulted and harassed him and used excessive physical force upon him. He also alleges that he was sexually harassed by other inmates and that GCDC officers failed to stop the abuse after he reported it. Strickland seeks monetary damages and the termination of the officers who allegedly either abused him or allowed others to abuse him.

**PROCEDURAL HISTORY**

Defendants Troy Turner and Mark Keaney are two of the GCDC officials who Strickland has sued. On October 25, 2015, they filed a motion seeking dismissal under Federal Rule of

Civil Procedure 12(b)(6). They contended the complaint fails to allege facially plausible claims—particularly against Turner—and therefore should be dismissed. They also argued that the case should be dismissed because Strickland did not exhaust all of the GCDC's available administrative remedies before he filed suit. They support their exhaustion argument with several exhibits outside the pleadings related to the GCDC's grievance system and Strickland's use thereof. Strickland filed a response to their motion on November 12.

On February 10, 2016, the Magistrate Judge issued his R & R. Addressing only the exhaustion issue, the Magistrate Judge determined that Turner and Keaney's evidence shows Strickland failed to exhaust all of the GCDC's grievance procedures and that Strickland has failed to rebut their evidence. Accordingly, the Magistrate Judge recommended that the Court dismiss the case. Strickland filed timely objections the R & R. On March 17, Turner and Keaney filed a reply to the objections.

Thereafter, on March 24, Strickland filed a motion to compel discovery from Steve Loftis and Scotty Bodiford, who are not parties to this case. Turner and Keaney filed a response in opposition on April 4. The motion was not referred to the Magistrate Judge.

## DISCUSSION

**I.     R & R**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations

in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The R & R in this case purports to analyze the exhaustion defense as a pleading problem under Rule 12(b)(6). In substance, however, it actually analyzes the issue using the summary judgment standard. It cites and quotes court opinions that involved exhaustion-based summary judgment motions, it relies heavily on defense exhibits that are outside the pleadings,[1] and it

---

1.  When a defendant uses evidence outside the pleadings to support a motion to dismiss under Rule 12(b)(6), the court cannot consider that evidence without converting the motion into one for summary judgment and, before deciding the motion, giving all parties "a reasonable opportunity to present all the material that is pertinent." Fed. R. Civ. P. 12(d); *see also Johnson v. Ozmint*, 567 F. Supp. 2d 806, 808 n.1, 814 (D.S.C. 2008) (applying Rule 12(d) where defendant supported his exhaustion-based Rule 12(b)(6) motion with an affidavit and copies of plaintiff's grievance forms). Turner and Keaney offered no explanation of how this Court could rely on their exhibits without triggering Rule 12(d). The Magistrate Judge found Rule 12(d) inapplicable because, in his view, evidence relating to exhaustion of remedies may be considered without converting a Rule 12(b)(6) motion into one for summary judgment. He based that statement on *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004), but *Spruill* does not stand for that issue-specific proposition. In *Spruill*, the Third Circuit considered documents outside the pleadings without treating an exhaustion-based Rule 12 motion as a summary judgment motion. 372 F.3d at 223. However, it did so because those documents were "indisputably authentic," not because exhaustion was at issue. *Id.*

Notably, the Fourth Circuit's standard for treating documents attached to a Rule 12(b)(6) motion as part of the pleadings is more rigorous than what the Third Circuit articulated in *Spruill*. A court in this circuit may consider such documents without triggering Rule 12(d) only if they are "integral to and explicitly relied on in the complaint" and the plaintiff does not challenge their authenticity. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citation and quotation marks omitted). Turner and Keaney's exhibits do not meet all of those criteria. Thus, the exhibits cannot be considered without converting the exhaustion portion of their motion into one for summary judgment and providing a reasonable opportunity for submission of evidence.

The Magistrate Judge's error raises the question of whether the Court may approach the exhaustion defense as one of summary judgment or should instead exclude Turner and Keaney's exhibits from consideration for the time being. However, the Court declines to answer that question. As discussed below, Strickland's case survives the exhaustion defense even under the summary judgment standard. *See Pronin v. Johnson*, No. 5:12-cv-3416-DCN, 2014 WL 1234281, at *1 n.1 (D.S.C. Mar. 25, 2014) (declining to decide whether magistrate judge's Rule 12(d) conversion was appropriate because plaintiff had produced evidence precluding summary judgment on exhaustion defense).

3

faults Strickland for not providing satisfactory evidence that he exhausted all available administrative remedies before filing suit. That is classic summary judgment analysis.

However, this inconsistency between the standard cited and the standard did not prejudice Strickland. Turner and Keaney's exhibits indicate that the GCDC's multi-level grievance review system begins with an inmate submitting a GCDC Form 502 with a description of the grievance. In his verified complaint, Strickland alleges he submitted two such forms—one in February 2014 alleging that other inmates were "harass[ing] and sexually harass[ing]" him, and another in May 2014 alleging that officers were sexually harassing and assaulting him. (Verified Compl., ECF No. 1, at 3). He further alleges that he never received a response to either of those grievances. As the Court will explain, these allegations are sufficient for Strickland to withstand summary judgment at this time.

Before an inmate files a lawsuit regarding jail conditions, he must first exhaust all administrative remedies available to him. 42 U.S.C. § 1997e(a). However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *see also Stenhouse v. Hughes*, No. 9:04-cv-23150-HMH, 2006 WL 752876, at *2 (D.S.C. Mar. 21, 2006) ("[E]xhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies." (citation and quotation marks omitted)). Accordingly, district courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Hill v. O'Brien*, 387 F. App'x 396, 400 (4th Cir. 2010) (per curiam) (citation and quotation marks omitted).

4

The above-mentioned allegations are based on Strickland's personal knowledge and appear in a verified complaint. As such, they are "the equivalent of an opposing affidavit for summary judgment purposes." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *see also Davis v. Zahradnick*, 600 F.2d 458, 459–60 (4th Cir. 1979) (holding that the factual allegations contained in a verified complaint established *prima facie* case under 42 U.S.C. § 1983, thus precluding summary judgment). Viewed in the light most favorable to Strickland, *see Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990), they indicate GCDC officials' inaction caused the procedural default on which Turner and Keaney now rely. Thus, there is a genuine issue of material fact as to whether Plaintiff exhausted all *available* administrative remedies, which means the Court cannot grant summary judgment on the basis of failure to exhaust. *Cf. Hill*, 387 F. App'x at 401 (finding question of fact on exhaustion where inmate alleged he requested forms and a counselor refused to provide them, destroyed them, or failed to respond to them); *Pronin v. Johnson*, No. 5:12-cv-3416-DCN, 2014 WL 1234281, at *2 (D.S.C. Mar. 25, 2014) (denying summary judgment on exhaustion where prisoner explained in affidavits that he had been unable to obtain grievance forms from prison personnel); *Samples v. SCDC*, No. 1:12-cv-2472-MGL-SVH, 2013 WL 394872, at *2 n.1 (D.S.C. Jan. 11, 2013) (refusing to dismiss prisoner case for failure to exhaust where plaintiff alleged there had been no response to his numerous grievances), *report and recommendation adopted*, 2013 WL 394202 (D.S.C. Jan. 31, 2013). Because the R & R did not discuss any of Turner and Keaney's other arguments for dismissal, the Court remands this matter to the Magistrate Judge for further consideration of the motion.

## II.     Motion to Compel

In a letter to the Court, Strickland asks why he has not received Rule 26(a)(1) disclosures and other information from Greenville County Sheriff Steve Loftis. Strickland then asks that GCDC Jail Administrator Scotty Bodiford provide him copies of grievance forms and information on how to proceed with grievances. Finally, Strickland attaches to his letter a set of interrogatories for Loftis to answer.

Liberally construing the letter as a motion to compel, the Court sees no merit to it. Although Strickland characterizes Loftis as a defendant in this case, Loftis is not a party. Indeed, this Court previously denied Strickland's motion to add Loftis as a defendant. Loftis, as a nonparty, has no obligation to make Rule 26(a)(1) disclosures or to answer Rule 33 interrogatories. Bodiford is not a party, either. Accordingly, unless and until Bodiford fails to comply with a duly issued and served subpoena, a motion to compel him to produce documents is premature. *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

### CONCLUSION

For the foregoing reasons, the R & R is **REJECTED** and this matter is **REMANDED** to the Magistrate Judge for further consideration of the pending motion to dismiss.

It is further **ORDERED** that Plaintiff's motion to compel is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**April 19, 2016**
**Charleston, South Carolina**

6