# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Glen Strickland, Jr., # 273860, ) | CIVIL ACTION NO. 9:15-0275-PMD-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SUPPLEMENTAL** |
| ) | **REPORT AND RECOMMENDATION** |
| Lt. Turner, Ofc. Kenny, Officer Doe; ) | |
| Office Doe, Office Doe, Officer Doe, ) | |
| Officer Doe, and Sgt. Jane Doe, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants while he was being held at the Greenville County Detention Center.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. asserting, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies before filing this lawsuit. On February 10, 2016, a Report was entered recommending that the Defendants' motion be granted, and that this case be dismissed, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. See Court Docket No. 51. However, April 19, 2016, that recommendation was rejected and the case was remanded to the



undersigned for consideration of the other grounds for dismissal asserted in the motion to dismiss. See Court Docket No. 59. Other than exhaustion, the other ground asserted for dismissal of this action in the motion to dismiss is that the Plaintiff has failed to state a claim against Defendants Turner and Kenny.

**Plaintiff's Allegations**

As was noted in the original Report and Recommendation entered in this case, Plaintiff alleges a hodgepodge of claims in his Complaint which mainly relate to alleged sexual harassment and/or assaults he endured while housed at the Greenville County Detention Center. Plaintiff originally did not name the correctional officers who participated in any such assaults as party Defendants, but subsequently filed an Amended Complaint listing detention center employees "Lt. Turner" and "Ofc. Kenny", along with several Officer "Doe[s]" as party Defendants. In that filing, Plaintiff specifically mentions Officer Kenny, followed by the statement "sexually assaulting and sexually harassing", but only references Lt. Turner as being a member of first shift while providing his height and weight. See Court Docket No. 22. Plaintiff then talks about the alleged actions of various John Doe or Jane Doe Officers, stating that one unnamed officer assaulted him by elbowing him in the face, that on another date another officer repeatedly punched him in the left thigh, while on yet another day an officer assaulted him by ramming his head into a door. No exact dates are provided for these incidents, although they apparently all occurred in 2014. Id.

In his original Complaint (prior to the amendment) Plaintiff alleges that an officer assaulted him while he was walking from the shower (it is not clear if this is the same incident where Plaintiff alleges his head was rammed into a door), that on another occasion an officer had "caressed the tops of my right hand" while walking him to the shower, that on another occasion he was tackled



to the floor and assaulted outside of his cell, that on another occasion a transport officer put his arm between Plaintiff's legs and squeezed his groin, and that correctional officers would in general treat him disrespectfully and harass him including while he was showering. Plaintiff also alleges that he was improperly placed in the general population even though there was "gang activity" going on, and that he repeatedly bashed his forehead on his cell door to injure himself in an attempt to be removed from the A-Wing, where he had been placed. Plaintiff also complains about being stripped and placed in a restraint chair after he threatened to harm himself. Again, none of the officers who allegedly committed these acts are named or identified.

Specifically with respect to Officer Kenny, Plaintiff alleges that in February (presumably 2014), he was asleep in his cell when he was awakened by the sounds of several inmates' voices. Plaintiff alleges that upon awakening he had a "throbbing pain on my anus", and that the other inmates were saying that while he was asleep Kenny had entered his cell and sexually molested him. Plaintiff alleges that Kenny later walked up to his cell, confirmed what he had done, and said "that was for calling him a faggot". In a supplement to his Amended Complaint Plaintiff also alleges that at breakfast one morning he smelled excrement on his waffle, and that during tray pickup Kenny told him that he had placed this substance on his waffle. See Court Docket No. 34-1.

With respect to the Defendant Turner, Plaintiff alleges that sometime in (presumably) May 2014 he advised Turner during a cell extraction that he had been sexually harassed by an (unidentified) correctional officer a few weeks earlier, but that Turner "did not respond". Plaintiff further alleges that on an unidentified date Turner made a crude comment to him about semen being put in his food. Plaintiff also alleges that when he informed Turner that he thought semen was being put in his food, Turner told him to report it when it occurred. Plaintiff alleges that on another



occasion (date not provided) he spoke with Turner and a mental health counselor about sexual harassment he had been experiencing from other correctional officers and about things they were doing to his food, and that Turner told him to report anything these officers were doing to his food when it occurred. Plaintiff alleges that Turner also asked Plaintiff if he could identify the officers involved, and he [Plaintiff] told him "yes" (although those officers are not identified in the Complaint). Plaintiff also alleges he asked Turner if he could be transferred to a different SHU (Special Housing Unit), but that Turner told Plaintiff he had no where else to put him. In the addendum Plaintiff filed to his Amended Complaint, Plaintiff alleges that "one morning" during breakfast he informed Turner as well as a mental health counselor that it appeared that excrement has been smeared on his milk carton, and that on another occasion (again, date not provided) he observed Turner speaking to the inmate in the cell across from his, and that when Turner noticed that the Plaintiff was observing the conversation, he stepped back from the cell door at which time the inmate in that cell exposed his penis to the Plaintiff.

Plaintiff seeks monetary compensation because of the assaults and sexual and other harassment he allegedly experienced. See generally, Plaintiff's Complaint (as amended).

### Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319



(1972); Haines v. Kerner, 404 U.S. 519 (1972). As such, the only question before the Court at this time is whether Plaintiff's factual allegations (liberally construed), and any reasonable inferences which may be drawn therefrom, are sufficient to state a "plausible" claim that either Turner or Kenny has violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. At 1949.

After careful review and consideration of Plaintiff's allegations, and giving them the liberal construction to which Plaintiff is entitled as a pro se litigant, the undersigned concludes that Plaintiff has set forth facts to establish a "plausible claim for relief" sufficient to avoid dismissal of his claims at this time. See Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

With respect to Kenny, Plaintiff has alleged that this Defendant sexually assaulted him on at least one occasion (in February 2014), and that on another occasion he admitted to having placed potentially harmful material in Plaintiff's food. Kenny's alleged sexual assault of the Plaintiff may be prosecutable under the Eighth Amendment. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ["In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse [is] unquestionably clearly established".]; Wilkins v. Upton, ___ Fed. Appx. ___, 2016 WL 806169 at * 3 (4th Cir. Mar. 2, 2016) ["The Eighth Amendment . . . stands as the primary constitutional limitation associated with an inmate's bodily integrity. . . ."]; Wolfe v. Cooper, No. 08-869, 2009 WL 2929438 at * 3 (D.S.C. Sept. 2, 2009) ["Sexual assault is 'not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered



by a victim of such abuse are compensable injuries' under § 1983".]; see also Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996)[Excessive force claim stated where plaintiff demonstrates a sufficiently serious deprivation or injury inflicted by a prison official acting with a sufficiently culpable state of mind]; Hudson v. McMillian, 503 U.S. 1, 7 (1992) [the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm]; Holley v. Johnson, No. 08-69, 2010 WL 2640328, at * * 9-15 (W.D.Va. June 30, 2010) [Noting that excessive force claim does not require showing of a significant injury]. Plaintiff's verified allegation that Kenny admitted putting excrement in his food is also sufficient to state a "plausible" constitutional claim for purposes of a motion to dismiss. See Pruitt v. Moore, No. 02-395, 2003 WL 23851094, at * 9 (D.S.C. Jul. 7, 2003)[Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim], cert. denied, 2004 WL 232748 (4th Cir. 2004); Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. Mar. 11, 1997)["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety]; see also Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) [constitutional violation may occur where the deprivation is "objectively significantly serious", and the Defendant acted with a "sufficiently culpable state of mind"]. Therefore, the Defendant Kenny is not entitled to dismissal of the Complaint as to him at this time. Wolman v. Tose, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to infer that all of the required elements of the cause of action are present."].

As for Turner, Plaintiff's allegations with respect to this Defendant essentially allege that he had informed Turner on numerous occasions that he was being sexually harassed or assaulted



by other jail officers or (at least on one occasion) an inmate, as well as that officers had been putting substances such as semen or excrement in his food, but that Turner either "did not respond" or essentially refused to take any action to help him. Giving Plaintiff's Complaint the liberal construction to which he is entitled as a pro se litigant, these allegations state a claim sufficient to survive a Rule 12 motion to dismiss at this time. See Wilkins, 2016 WL 806169 at * 3 ["A prison official's subjective actual knowledge can be proven through circumstantial evidence showing, for example, that the risk of [sexual assault] was long standing, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the Defendant-official being sued had been exposed to information concerning the risk and thus must have known about it".] (quoting Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015)); Pruitt v. Moore, No. 02-395, 2003 WL 23851094, at * 9 (D.S.C. Jul. 7, 2003)[Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim], cert. denied, 2004 WL 232748 (4th Cir. 2004); Farmer v. Brennan, 511 U.S. 825, 837 (1994) [A prima facie case of deliberate indifference may be established where a plaintiff alleges "that a substantial risk of [serious harm] was long standing, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it"]; Levy, No. 96-4705, 1997 WL 112833 ["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety]; Bagola v. Kindt, 131 F.3d 632, 646 (7th Cir. 1997) [Prison officials may be liable under the Eighth Amendment where they intentionally ignore a known risk, even if they did not intend that a known risk would actually harm the inmate]; see also O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2nd Cir. 1988)[observing that officer who stands by and



7

does not seek to assist a victim may be liable as a "tacit collaborator"].

While Plaintiff's allegations with respect to Turner may be fairly characterized as "bare boned", discovery should flesh out these claims, and if the Defendant Turner believes the evidence adduced through discovery does not support this claim, he may then file a Rule 56 motion for summary judgment at a proper time. However, Plaintiff's allegations against Turner are sufficient to avoid dismissal on the grounds of "failure to state a claim" at this early stage of the proceedings. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988); Wilkins, 2016 WL 806169, at * 3-4 [Official may be liable where they had knowledge of a substantial risk of sexual assault or other substantial risk of harm to an inmate and took insufficient actions to mitigate the risk of harm to the inmate]; see also Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"]. Therefore, Turner's Rule 12 motion to dismiss the claims against him should be denied.

## Conclusion

Based on the foregoing, if this case is not to be dismissed for failure to exhaust administrative remedies, then it is recommended that the Defendants' Kenny and Turner's motion to dismiss for failure to state a claim be **denied**.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 29, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

