# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Glen Strickland, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:15-cv-275-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lt. Troy Turner, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Glen Strickland, Jr.'s objections to United States Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") (ECF Nos. 128 & 125). For the reasons stated herein, the Court adopts the R & R as modified; grants Defendants' motion to dismiss Plaintiff's claims against Furmesia Rosier, Derrick McFadden, and Kevin Flowers; and denies Defendants' motion to dismiss the claims against the other defendants.

## BACKGROUND

Plaintiff, proceeding *pro se*, has filed suit under 42 U.S.C. § 1983 for purported violations of his constitutional rights while he was a pre-trial detainee at the Greenville County Detention Center ("GCDC"). He alleges in his verified complaint that GCDC officers sexually assaulted and harassed him and used excessive physical force upon him. He also alleges that he was sexually harassed by other inmates and that GCDC officers failed to stop the abuse after he reported it. Strickland seeks monetary damages and the termination of the officers who allegedly either abused him or allowed others to abuse him.

## PROCEDURAL HISTORY

Plaintiff first filed his complaint on January 21, 2015. On June 3, 2015, he amended his complaint to name specific officers whom he alleges abused him or knew about his abuse but did

not act to stop it.  On October 25, 2015, two of the named officers moved to dismiss, asserting that Plaintiff failed to exhaust administrative remedies and failed to state a claim upon which relief can be granted.  That motion was ultimately denied on July 25, 2016.  On January 9 and February 13, 2017, Plaintiff again amended his complaint to specifically name additional officers.  On June 23, 2017, nine officers not included in the October 25, 2015 motion moved to dismiss for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted.  Plaintiff responded on July 7, 2017, and Defendants replied on July 14.  On August 7, the Magistrate Judge issued his R & R recommending the dismissal of Rosier, McFadden,[1] and Flowers.  The Magistrate Judge recommended denying the motion to dismiss with respect to the other defendants.  On August 16, Plaintiff objected to the R & R.  Defendants replied on August 30.  Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Parties may make written objections to the R & R within fourteen days after being served with a copy of it.  28 U.S.C. § 636(b)(1).  This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part.  *Id.*  Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  Absent a timely, specific objection—or as to those portions of the R & R to which no specific

---

1. In his response to the motion to dismiss, Plaintiff clarified that he never intended to bring claims against Rosier and McFadden.

objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

Plaintiff objects only to the Magistrate Judge's recommendation to dismiss Flowers because Plaintiff failed to state a claim against him. Plaintiff alleges that Flowers forcefully and deliberately pinched his forearm while Flowers and another officer released him from a restraint chair. To survive a challenge for failure to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true," to allow the court to reasonably infer that the "defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). To prevail on an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). A court "cannot apply this standard mechanically," *id*., and must instead look to the "facts and circumstances of each particular case." *Id*. (quoting *Graham*, 490 U.S. at 396) (internal quotation marks omitted). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. A court must also account for the government's interests that flow from the management of a detention facility, appropriately deferring to the judgment of jail officials and the policies and practices they have developed to maintain order, discipline, and security. *Id.*

(citing *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). In determining whether an officer was acting objectively unreasonably, a court may consider many factors including the amount of force used relative to the need for force, "the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* For example, in *Reynolds v. Cannon*, this Court held that an officer who allegedly scratched a pretrial detainee was entitled to summary judgment. No. 2:16-cv-512-BHH-MGB, 2017 WL 685115, at *5 (D.S.C. Jan. 31, 2017), *adopted by* 2017 WL 679641 (D.S.C. Feb. 21, 2017). In *Reynolds*, the plaintiff's only alleged injuries were scratches to his neck for which he did not require medical attention. *Id.* The officer allegedly scratched the noncompliant plaintiff while searching him. *Id.*

The Court finds that Plaintiff has not alleged that Flowers used an objectively unreasonable amount of force against him. Plaintiff only alleges that Flowers forcefully pinched him on one occasion as he was being removed from a restraint chair. He does not allege that the pinch resulted in any physical injury. Such an exertion of force is not excessive, especially considering the significant deference given to prison officials in their efforts to maintain control of inmates. Further, since Flowers was in the process of removing Plaintiff from a restraint chair, it was reasonable for Flowers to use some physical force to maintain control over Plaintiff. Though Plaintiff alleges the pinch was deliberate and unprovoked, the Supreme Court has recognized that prison management "may require and justify the occasional use of a degree of intentional force" against pretrial detainees. *Kingsley*, 135 S. Ct. at 2475 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)) (internal quotation marks omitted). The Court has also long recognized that, while "the state cannot hold and physically punish an individual except in accordance with due process of law . . . [t]here is, of course a de minimis level of imposition with which the Constitution

4

is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 673–74 (1977). The Court finds that a single deliberate pinch is not an objectively unreasonable use of force. Accordingly, the motion to dismiss is granted with respect to the claim against Flowers.

Though Plaintiff has not otherwise objected to the R & R, the Court notes that the motion to dismiss the claims against the officers was evaluated with reference to Eighth Amendment precedents on excessive force, sexual assault, and deliberate indifference. In *Kingsley*, the Supreme Court explained that precedents that deal with the Eighth Amendment's Cruel and Unusual Punishment Clause do not control claims brought by pretrial detainees because, unlike convicted prisoners, pretrial detainees "cannot be punished at all." 135 S. Ct. at 2475. The Court explained that while convicted prisoners must establish both an objective and a subjective element in order to have a valid Eighth Amendment excessive force claim, a pretrial detainee need only satisfy the objective element to have a valid Fourteenth Amendment excessive force claim. *Id.* at 2473. The Supreme Court has also explained that pretrial detainees "retain at least those constitutional rights that [the Court has] held are enjoyed by convicted prisoners." *Bell*, 441 U.S. at 545. Consequently, pretrial detainees have the right to be free from any use of excessive force, sexual assault, or deliberate indifference that has been found to violate the Eighth Amendment rights of a convicted prisoner. *See, e.g.*, *Williamson v. Rogers*, No. 0:15-cv-4755-MGL-PJG, 2017 WL 2703858, at *3–4 (D.S.C. June 2, 2017) (granting defendant's motion to dismiss pretrial detainee's claim against prison officials for deliberate indifference by looking to the objective prong of the deliberate indifference test applied to convicted prisoners), *adopted by* 2017 WL 3085761 (D.S.C. July 20, 2017), *appeal docketed* No. 17-6922 (4th Cir. July 20, 2017). Therefore, while the R & R analyzed Plaintiff's claims under the Eighth Amendment standard applied to the claims of convicted prisoners, it is nonetheless correct in concluding that Plaintiff has alleged facts

sufficient to survive a motion to dismiss under the lower bar applied to the claims of pretrial detainees with respect to the claims against Defendants Stowers, McConnell, Forrest, Bridges, Morgan, and Compagna. Defendants Rosier and McFadden are dismissed since Plaintiff never intended to bring claims against them.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's objection is **OVERRULED** and that the R & R is **ADOPTED AS MODIFIED**. Accordingly, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 21, 2017**
**Charleston, South Carolina**