# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Glen Strickland, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:15-cv-275-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lt. Troy Turner, Ofc. Mark Keaney, | ) | |
| Ofc. Robert Forrest, Ofc. Luke McConnell, | ) | |
| Sgt. Dehlem Compagna, Ofc. Marshall | ) | |
| Stowers, and Sgt. Amber Morgan, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff Glen Strickland, Jr.'s objections to United States Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") (ECF Nos. 149 & 146). Plaintiff's motion requesting additional items (ECF No. 150) and Defendants' motion for a protective order (ECF No. 151) are also before the Court. For the reasons stated herein, the Court adopts the R & R, grants Defendants' motion for summary judgment, denies Plaintiff's motion for additional items, denies Defendants' motion for a protective order as moot, and dismisses this case.

## PROCEDURAL HISTORY

Plaintiff filed this 42 U.S.C. § 1983 action on January 21, 2015, and amended his claim on June 3, 2015. Defendants filed their motion for summary judgment on November 6, 2017. On December 4, Plaintiff requested an extension to respond since he had not been able to review the motion and attached materials. On December 5, the Magistrate Judge granted the extension. On December 11, the Magistrate Judge updated the deadline to January 11, 2018. Plaintiff did not respond. On January 26, the Magistrate Judge issued his R & R. Plaintiff objected on February 9 and Defendants did not reply.

In addition, Plaintiff filed a motion requesting additional items on February 9. Then on February 23, Defendants filed a motion for a protective order. Neither party responded to the other party's motions. Accordingly, these matters are now ripe for review.

## **STANDARD OF REVIEW FOR THE R & R**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

The Court first addresses Plaintiff's objections, then turns to an exhaustion issue not resolved in the R & R and the two pending motions. To grant a motion for summary judgment, a court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed

in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[I]t is ultimately the nonmovant's burden to persuade [the court] that there is indeed a dispute of material fact. It must provide more than a scintilla of evidence—and not merely conclusory allegations or speculation—upon which a jury could properly find in its favor." *CoreTel Va., LLC v. Verizon Va., LLC*, 752 F.3d 364, 370 (4th Cir. 2014) (citations omitted).

## I. Objections to the R & R

As a preliminary matter, Plaintiff argues that he mailed a response to the motion for summary judgment on December 13. Plaintiff alleges that the Magistrate Judge never received this response because there was "likely a deliberate act." (Pl.'s Obj. to R & R, ECF No. 149, at 1.) Other than the fact that no response was received, the Court has no evidence that anyone interfered with the processing of Plaintiff's alleged response. In any event, the Magistrate Judge thoroughly examined Plaintiff's previous filings in making his recommendation. In Plaintiff's objection to the R & R, he includes a copy of the response he allegedly mailed on December 13. The Court has thoroughly reviewed this material as part of Plaintiff's objections.

### A. Factual Background

Plaintiff objects that the factual background does not include an incident that allegedly occurred on May 16, 2016. This incident occurred over a year after Plaintiff filed his Complaint and thus has no bearing on the present proceedings.

### B. Defendant Keaney

Plaintiff alleges Officer Keaney sexually assaulted him while he was asleep in his cell in the Special Housing Unit ("SHU"). Plaintiff alleges that he knows this occurred because he woke up with pain in his anus, other inmates told him what occurred, and Keaney confirmed the assault

in comments he made to Plaintiff. Keaney's affidavit states that he has never entered an inmate's cell in the SHU and that he has no recollection of interacting with Plaintiff. The Magistrate Judge recommended summary judgment in favor of Keaney because Plaintiff had not put forth any evidence (such as affidavits from the alleged witnesses or medical evidence of his sexual assault) creating a genuine issue of fact as to whether any sexual assault ever occurred. As the Magistrate Judge noted, Defendants put forth evidence that Keaney could not have entered Plaintiff's cell without the assistance of the control room, or without creating video and documentary evidence of having been there.

In his objections, Plaintiff suggests that his ability to identify Officer Keaney is evidence that he interacted with him. He suggests that there is no footage of the incident because it would be "damaging" and that Greenville County Detention Center ("GCDC") could have doctored or erased it. (Pl.'s Obj. to R & R, ECF No. 149, at 3.) He further asserts (without any evidence, and contrary to the affidavit of GCDC officials) that an officer can enter a SHU cell with a key and without the assistance of the control room. He argues that the records that indicate when and where an officer's ID card is scanned to get through a door will show that Keaney entered the SHU, and he requests these records in a subsequent motion. Finally, he argues that he could not identify the inmates who told him about the assault because he could not see out of his cell when he heard them make these claims. In sum, Plaintiff's objections attempt to explain why he has been unable to obtain evidence of the alleged assault, but do not contain any additional evidence.

The Court declines Plaintiff's request to obtain the records indicating which guards scanned their ID badges in order to enter the SHU from January 2014 through June 2014. At most, this might show that Keaney entered the SHU. However, since Plaintiff has not put forth a specific date in February when the alleged incident occurred, it could not even show that Keaney was in

4

the SHU on the day of the alleged incident. Moreover, evidence of Keaney's presence in the SHU would not create a genuine issue of fact as to whether Keaney sexually assaulted Plaintiff. Because Plaintiff has not put forth any evidence of the assault and because the records he requests could not provide such evidence, the Court agrees with the Magistrate Judge that Keaney is entitled to summary judgment on the sexual assault claim.

Plaintiff has also alleged that Keaney tampered with his food, but his objections contain no new information or allegations about this claim. For the reasons stated by the Magistrate Judge, the Court grants Keaney summary judgment on that claim. Consequently, the Court dismisses Keaney.

### C. Defendant Turner

Plaintiff alleges that Lieutenant Turner failed to respond to Plaintiff's complaints that officers had assaulted him and tampered with his food. The Magistrate Judge recommended that the Court grant summary judgment in favor of Turner since he was not aware of Plaintiff's allegations of assault, and took action in response to Plaintiff's food tampering complaints by reviewing video surveillance (though he found no evidence of tampering). In his objections to the R & R, Plaintiff states that Turner would not have been able to tell from video surveillance whether Plaintiff's milk carton had feces on it, as Plaintiff alleged. Even if this is true, it does not create a genuine issue of material fact with respect to Plaintiff's claim against Turner, which is that he was deliberately indifferent to Plaintiff's complaints. Turner attests that he reviewed the surveillance video to ensure that no one appeared to be tampering with Plaintiff's food and was satisfied that the food service that day seemed normal and that the milk carton given to Plaintiff appeared to have been pulled from the cart at random. Such responsiveness to Plaintiff's complaint falls well below the callous indifference required to make out a constitutional claim. *See Pruitt v. Moore*,

No. 3:02-cv-395-MBS, 2003 WL 23851094, at *9 (D.S.C. July 7, 2003) (granting summary judgment in favor of prison officials when plaintiff did not show "[d]eliberate or callous indifference on the part of prison officials to a specific known risk of harm"), *aff'd*, 2004 WL 232748 (4th Cir. 2004).

Plaintiff also emphasizes that he did not report semen in his food to Turner, but rather that Turner allegedly suggested to Plaintiff that there was semen in his food. As the Magistrate Judge explained, such a verbal threat does not amount to a constitutional violation. *Ajaj v. United States*, 479 F.Supp. 2d 501, 538 n. 16 (D.S.C. 2007).

Plaintiff also clarifies his allegation that during a cell extraction on May 2, 2014, he told Turner that he had been assaulted. It was not previously clear which alleged assault Plaintiff claimed he reported to Turner during this extraction. In his objections, Plaintiff clarifies that he told Turner about the alleged assault by Bridges, not the alleged sexual assault by Keaney. Jail Administrator Scotty Bodiford examined the video of this extraction and was unable to hear Plaintiff make a complaint to Turner, but provided the full video. With the benefit of a thorough review of all of Plaintiff's allegations and the ability to replay the video, the Court discerned Plaintiff state, "they do nothing about—about the officer slam my [] head into the door the other day? They do nothing about that!" (Mot. Summ. J., Ex. 10-B, May 2 video, ECF No. 131-10, at 3:11.) However, Bodiford explained that officers are trained not to engage with inmates during a cell extraction. Thus, it is not surprising that Turner did not respond to this comment in the moment. About a minute after the comment, there is a struggle between Plaintiff and several officers and it takes several more minutes to place Plaintiff in a restraint chair and complete his transfer to another cell. Shouting occurs throughout the extraction. Given the tense environment and Turner's training not to engage, Turner's inability to remember and respond to Plaintiff's

comment is understandable and does not come close to the callous indifference that constitutes a constitutional violation. The Court agrees with the Magistrate Judge that Turner is entitled to summary judgment and dismisses him.

### D. Defendant Stowers

Plaintiff includes comments about Officer Stowers in his objections, but they simply reiterate his allegations against Stowers which he described in detail in documents carefully examined by the Magistrate Judge. These assertions are not proper objections. *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). The Court agrees with the Magistrate Judge that Stowers is entitled to summary judgment and dismisses him.

### E. Defendants McConnell and Forrest

Plaintiff alleges that Officers McConnell and Forrest used excessive force against him during a May 6, 2014 search of his person and his cell. After a thorough review of the documents and video of the incident, during which Plaintiff admits he resisted the officers, the Magistrate Judge recommended that the Court grant summary judgment in favor of McConnell and Forrest.

The only new argument raised by Plaintiff in his objections is that the female officers that came to aid McConnell and Forrest deliberately blocked the surveillance camera while McConnell and Forrest punched Plaintiff and pushed his face into the ground. The Court has reviewed the video, in which the female officers briefly stand between the camera and Plaintiff before moving to other positions. There is no indication that this was deliberate and the officers do not even seem to be aware of the location of the camera. The Court agrees with the recommendation of the

Magistrate Judge that McConnell and Forrest are entitled to summary judgment and dismisses them.

**F. Defendant Compagna**

Plaintiff alleges that Sergeant Compagna failed to help Plaintiff during the alleged assault by McConnell and Forrest on May 6 and failed to address Plaintiff's complaints of food tampering. The Magistrate Judge recommended that the Court grant summary judgment in favor of Compagna on both claims. In his objections, Plaintiff disputes Compagna's assertion in his affidavit that he sometimes resolved the food complaints informally by giving Plaintiff another food tray. Plaintiff also denies that Compagna ever showed him a print-out of a video frame to show that no one had tampered with his food. Plaintiff also clarifies that he only complained to Compagna about food tampering on one occasion since, according to Plaintiff, Compagna did not resolve the issue. Plaintiff does not dispute that Compagna reviewed video footage to ensure no tampering had taken place. Viewing all the evidence in the light most favorable to Plaintiff, Plaintiff told Compagna about the food tampering once and Compagna discussed it with Plaintiff and reviewed videos to investigate. Such efforts to investigate a complaint do not amount to a constitutional violation. *See Pruitt*, 2003 WL 23851094, at *9. The Court grants summary judgment in favor of Compagna and dismisses him.

**G. Defendant Bridges**

Plaintiff alleges that Officer Bridges deliberately rammed Plaintiff's head into his cell door while placing Plaintiff back in his cell on April 29, 2014. Bridges and the other officer assisting him, Officer McFadden, each submitted affidavits describing the incident and the video surveillance footage. The video shows that Plaintiff was initially cooperative but becomes resistant and moves toward Bridges. Plaintiff admitted that he tried to claw Bridges' face.

8

McFadden and Bridges then struggle with Plaintiff and are eventually able to get him in his cell and close the door. Plaintiff claims that during this struggle, Bridges deliberately slammed his head into the door. As the Magistrate Judge noted, the officers' version of the event does not vary significantly from Plaintiff's except for the allegation that Bridges deliberately pushed Plaintiff's head into the door. The Court has reviewed the footage, and while the struggle happens quickly, the Court cannot discern the deliberate force that Plaintiff alleges. It is clear that Bridges and McFadden used some force to get Plaintiff in his cell, but the force used appears objectively reasonable given the fact that Plaintiff was resisting and attempting to harm Bridges. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) ("a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable . . . [based on] the 'facts and circumstances of each particular case.'").

Plaintiff's objections relating to Bridges are that Plaintiff did not yell at him, did not state anything about being "ready to fight the tac team" (as Bridges recalled in the Incident Report, (Mot. Summ. J., Ex. 4-A, Incident Rep., ECF No. 131-4)), and did not try to strike Bridges or McFadden. The Magistrate Judge, viewing the facts in the light most favorable to Plaintiff, did not rely on Bridges' assertion that Plaintiff yelled or said anything about the tac team in deciding that the force Bridges used was objectively reasonable. While Plaintiff now states that he did not try to strike the officers, he previously admitted he did attempt to claw Bridges' face. Moreover, the video shows Plaintiff make a sudden movement toward Bridges, triggering the struggle to get him in his cell. Thus, the Court need not credit Plaintiff's revised version of what happened. *See Garcia v. McClaskey*, No. 1:12CV93, 2016 WL 2903234, at *6 (M.D.N.C. May 18, 2016) (noting that courts credit a plaintiff's version of the facts only to the extent consistent with the record video evidence). The Court agrees with the Magistrate Judge that there is no genuine issue of fact

relating to Bridges' use of force and that his use of force was objectively reasonable. Thus, the Court grants summary judgment in favor of Bridges and dismisses him.

**H. Defendant Morgan**

Lastly, Plaintiff alleges that Sergeant Morgan witnessed Plaintiff repeatedly hit his head against a door frame but failed to intervene to provide him with medical assistance. Plaintiff also generally complains about being stripped and placed in a restraint chair following a threat to harm himself. Because Morgan's only interaction with Plaintiff was on May 9, 2014, the day Plaintiff threatened to harm himself and was put in a restraint chair, the Magistrate Judge considered these allegations as possibly relating to one event. After reviewing the video of this event, the Magistrate Judge recommended granting summary judgment in favor of Morgan. While Plaintiff's objections add to what he believes was said during this extraction and clarify the reason he threatened to hang himself, they do not materially alter the facts and allegations as they were considered by the Magistrate Judge. The Court has reviewed the footage of the May 9 event and agrees that there is no indication that Morgan violated Plaintiff's constitutional rights. The Court finds that she is entitled to summary judgment and dismisses her.

**II.    Failure to Exhaust**

The Magistrate Judge noted that Defendants' motion for summary judgment asks the Court to reconsider its Order denying dismissal for failure to exhaust, a matter solely under the discretion of the Court and thus not addressed by the Magistrate Judge. In light of the disposition of Plaintiff's claims above, the Court need not reconsider its Order.

**III.    Additional Motions**

Plaintiff requests (1) documentation of two mental health assessments, (2) records of all GCDC officers who conducted guard tours in the SHU from January to June 2014, (3) to re-watch

the four SHU videos that Plaintiff watched in December 2017 in order to respond to Defendants' motion for summary judgment, and (4) to view the video of the May 2, 2014 cell extraction involving Turner.

The Court cannot determine, and Plaintiff has not explained, how the mental health assessments he requests relate to his claims. Plaintiff cannot obtain materials that are not relevant to his claims. *See* Fed. R. Civ. P. 26(b)(1). Moreover, the Court must limit the discovery of materials that Plaintiff has already had ample opportunity to obtain. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii). In the Magistrate Judge's September 13, 2016 Order (about a year and a half ago), Plaintiff was instructed that he could seek discovery under Federal Rules of Civil Procedure 26 through 37, yet Plaintiff did not request these materials. Finally, the fact that a dispositive motion could (and indeed will) terminate all claims, that there is already strong support for the dispositive motion on the merits, and that additional discovery would likely be irrelevant all weigh against allowing further discovery. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). Because Plaintiff has not explained why these assessments are relevant or why he did not request them sooner, this request is denied.

As discussed above, the records of which officers were in the SHU from January through June 2014 would not create a genuine issue of fact as to whether Keaney sexually assaulted Plaintiff. Plaintiff puts forth no justification for why he did not ask for these records earlier, and has put forth no justification for why he would need six months of records rather than only the records relating to the particular days on which Plaintiff alleges officers violated his rights. The Court denies this request because Plaintiff has not put forth a sufficient justification to order these records be made available at this late juncture.

Plaintiff has not put forth a sufficient justification to re-watch videos he was already allowed to view. As with his request for the mental health assessments, the fact that the Court had a dispositive motion before it and had sufficient materials—including these videos, which were reviewed by the Court—weighs against allowing Plaintiff to re-watch the videos. *See id.* This request is denied.

Finally, he has not explained why he needs to view the footage of the May 2 cell extraction. As discussed above, the Court has carefully reviewed this video and agrees that Plaintiff made a statement to Turner about the alleged assault by Bridges in the May 2 video. However, as discussed above, this does not create a genuine issue of fact regarding Plaintiff's claim against Turner. The request is denied.

Defendants' motion for a protective order preventing Plaintiff from seeking discovery until the Court ruled on their motion for summary judgment is denied as moot.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Plaintiff's objections are **OVERRULED** and that the R & R is **ADOPTED**. The Court **DENIES** Plaintiff's motion requesting additional items and **DENIES AS MOOT** Defendants' motion for a protective order. Defendants' motion for summary judgment is **GRANTED** and Defendants are **DISMISSED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 23, 2018**
**Charleston, South Carolina**